PER CURIAM.
While this matter was pending, the husband and wife agreed that the husband would pay the wife $10,500 per month to cover the amortization of the indebtedness on the marital home, utilities, medical and hospital bills for the wife and two children, school tuition and temporary alimony and child support; all subject to a thirty day cancellation should he find himself unable to continue such payments. This agreement was confirmed by an order of the court. Approximately a year later the husband terminated the payments and filed a motion for reduction in the amount thereof. The matter was heard by a general master, who, after an evidentiary hearing, found and recommended to the trial court that the amount to be paid be reduced to $6,500 per month. Over the wife’s objections the court approved the master’s recommendations subject to a rereference to determine the amount subject to taxes.
The wife has perfected this non-final appeal posing three points for our consideration. The first two points deal with the unwarranted reduction in the amount awarded for temporary alimony and child support; however, we find no reversible error demonstrated in this regard. The determination was made upon substantial competent evidence and was within the trial court’s discretion.
In her third point appellant contends it was error not to make an allowance for temporary attorney’s fees and suit money. We would surely agree that it was appropriate in the posture of this case to make such an allowance. However, at the hearing before the master, counsel for appellant advised the court that “I am deferring the wife’s claim for temporary attorney’s fees only because of the time at this particular juncture and we can have a separate hearing on that if need be after.” The record does not reflect that a subsequent hearing was held to prove up the request for attorney’s fees. Thus, while not waived permanently, they were waived pro hac vice.
Accordingly, the order appealed from herein is affirmed.
DOWNEY, DELL and WALDEN, JJ., concur.